IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RANDALL WAYNE CLARK, ) | |
|     Petitioner, ) | Civil Action No. 7:22cv00311 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| HAROLD CLARKE, Director, ) | Chief United States District Judge |
|     Respondent. ) | |

**OPINION AND ORDER**

Randall Wayne Clark, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on or about June 15, 2022, challenging the judgment entered against him by the Rockbridge County Circuit Court in April 1985 for capital murder and use of a firearm in the commission of capital murder. Upon review of this matter pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court has determined that Clark has previously filed § 2254 petitions in this court to challenge the same convictions. Accordingly, as explained more fully below, the court will dismiss this petition as successive.

Clark's first petition was denied on February 23, 1990. Clark v. Gizzard, No. 7:89cv00726 (W.D. Va. Feb. 23, 1990) (Turk, J.), aff'd, No. 90-6554 (4th Cir. Aug. 24, 1990). Since that time, Clark has filed the following § 2254 petitions in this case: Clark v. Lawhon, No. 7:91cv00487, Dismissal Order (W.D. Va. Feb. 19, 1992), appeal procedurally dismissed, No. 92-6310 (4th Cir. Sept. 25, 1992); Clark v. Saunders, No. 7:98cv00516, Dismissal

Without Prejudice (W.D. Va. Aug. 20, 1998); Clark v. Saunders, No. 7:01cv00285, Dismissal Without Prejudice (W.D. Va. Apr. 16, 2001), appeal procedurally dismissed, No. 01-6728 (4th Cir. June 14, 2001); Clark v. Clarke, No. 7:14cv00574, Dismissal Without Prejudice (W.D. Va. Mar. 9, 2015), Reconsideration denied Sept. 11, 2015; Clark v. Clarke, No. 7:19cv00411, Order Granting Mot. to Withdraw Pet (W.D. Va. Aug. 15, 2019) (Moon, J.). In the last case filed, Clark filed his motion to withdraw after receiving a conditional filing order noting that the case appeared to be untimely; had the court realized the number of times Clark had already challenged his Rockbridge County Circuit Court convictions, the matter would have been dismissed without prejudice again, noting that second and successive filings must be certified by the Fourth Circuit Court of Appeals before a district court has jurisdiction to adjudicate those petitions.

Further, Clark appears to have been well advised of the requirement for leave from the Circuit Court, not only from the number of dismissal orders from this court, but from the following occasions on which the Fourth Circuit has considered and denied Clark's request for leave to file a subsequent petition:  In Re: Clark, No. 98-637 (4th Cir. Oct. 1, 1998) (denying leave to file second or subsequent petition in Western District of Virginia Case No. 7:21cv00516); In re: Clark, No. 01-789 (4th Cir. July 12, 2001) (denying motion for leave to file subsequent petition in Western District of Virginia Case No. 7:01cv00285); In re: Randall Wayne Clark, No. 13-156 (4th Cir. Mar. 28, 2013) (denying leave to file successive habeas application); In re Randall Clark, No. 14-464 (4th Cir. Nov. 14, 2014) (denying leave to file successive habeas petition).

2

Under 28 U.S.C. § 2244(b), a federal court must dismiss a second or subsequent habeas petition unless it meets certain conditions. This rule applies whether the successive petition raises the same claims as raised in the first petition or whether new claims are raised. Id. at (b)(1)-(2). Further, the petitioner must move for and receive authorization from the appropriate circuit court of appeals before filing a second or subsequent petition in the district court. This is so the circuit court can determine at the outset whether petitioner has made a prima facie showing that the requirements for a second petition have been met. 28 U.S.C. 2244(b)(3)(C). The current case is the sixth subsequent petition filed by Clark, and there has been no authorization from the Fourth Circuit Court of Appeals. Therefore, this court is required to dismiss the petition.

Accordingly, it is hereby **ORDERED** that Clark's § 2254 petition is **DISMISSED** as successive, and this action is **STRICKEN** from the active docket of the court.

Further, the court takes notice that Clark's repeated unauthorized filings challenging his capital murder and related convictions, notwithstanding the prior orders of this court and the Court of Appeals, lack good faith and constitute vexatious conduct that hinders the court from fulfilling its constitutional duties. See, e.g., Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). A prefiling injunction is **ENTERED** to **PROHIBIT** the Clerk from docketing any further document from Clark challenging his Rockbridge County Circuit Court 1985 convictions unless the document is accompanied by authorization from the Fourth Circuit Court of Appeals authorizing the filing.

Finding that Clark has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk shall send a copy of this opinion and order to Clark.

**ENTER:** This 15th day of July, 2022.

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.07.15 17:04:14 -04'00'

_____

Michael F. Urbanski
Chief United States District Judge

4